**SO ORDERED.**

**SIGNED this 16 day of February, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:

JOSEPH HENRY MCCLAM, JR.,                    CASE NO. 11-08714-8-JRL
                                             CHAPTER 13
  DEBTOR.

## ORDER

This matter came before the court on Woodchase Homeowners Association, Inc.'s ("Woodchase") motion for relief from the automatic stay. A hearing was held on February 8, 2012 in Raleigh, North Carolina.

The debtor previously filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on February 14, 2011. Subsequently, Woodchase filed a motion for relief from the automatic stay. On July 29, 2011, the debtor and Woodchase entered into an amended consent order denying Woodchase relief from the automatic stay subject to specific conditions. The debtor failed to meet the conditions of the order. Pursuant to the terms of the consent order, the automatic stay would lift if the debtor failed to comply with the order's conditions. The debtor's case was then dismissed on September 13, 2011. Woodchase filed a claim of lien on or around October 31, 2011.

The debtor filed the current voluntary petition for relief under chapter 13 of the

Bankruptcy Code on November 15, 2011. The debtor currently owes Woodchase $2,047.50. Woodchase contends that it is entitled to relief from the automatic stay based on the consent order in the debtor's previous case.

On January 18, 2012, the trustee filed a motion to dismiss the debtor's case. At the resolution of the hearing, the trustee noted on the record that the court's ruling resolved the pending motion to dismiss.

## DISCUSSION

Woodchase contends the consent order in the previous case is res judicata in this case, and pursuant to its terms, Woodchase is entitled to relief from the automatic stay. The debtor contends that the stay never lifted in the previous case and thus the consent order does not have res judicata effect. "For res judicata to apply, a party must 'show that the previous suit resulted in a final judgment on the merits, that the same cause of action is involved, and that both [the party asserting res judicata and the party against whom res judicata is asserted] were either parties or stand in privity with parties.'" State ex rel. Tucker v. Frinzi, 344 N.C. 411, 414, 474 S.E.ed 127, 128 (1996) (quoting Thomas M. McInnis & Assoc. v. Hall, 318 N.C. 421, 429, 349 S.E.2d 552, 557 (1986)). However, section 362(d)(4) of the Bankruptcy Code codifies the circumstances in which relief from the automatic stay in one case will be given effect in a subsequent case. See 11 U.S.C. § 362(d)(4) ("If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court[.]"). It takes an extreme abuse of the bankruptcy process to prevent the automatic stay from coming into effect in

subsequent cases.

In addition, the consent order entered in the previous case is not a final adjudication of Woodchase's right to relief from stay in this case. The property of the estate and automatic stay in this case are distinct from the debtor's previous case and not merely a revival of the prior proceedings. See In re Saylors, 869 F.2d. 1434, 1438 (11th Cir. 1989); see also In re Taras, 136 B.R. 941, 947–48 (Bankr. E.D. Pa. 1992) ("The automatic stay arises whenever a bankruptcy case is filed. The effect of the stay cannot be compromised, even by the debtor, because it protects not only the debtor, but all parties interested in a bankruptcy proceeding."). Therefore, Woodchase is not entitled to relief based on the doctrine of res judicata.

Alternatively, Woodchase contends the debtor has not adequately protected its interest. The debtor argues that he has made the first two payments and will pay the arrears as a secured claim with interest. Section 362 of the Bankruptcy Code provides that a debtor's bankruptcy petition automatically stays "any act to obtain possession of . . . or to exercise control over property of the estate," as well as "any act to collect . . . or recover a claim against the debtor that arose before the commencement of the case . . . ." 11 U.S.C. § 362(a). However, the court may terminate the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest[.]" Id. § 362(d)(1). At the hearing, the debtor testified that he is self-employed and receives income from several sources and is now able to make his monthly payments. He also stated that his income increased after his previous bankruptcy case was dismissed.

Based on the foregoing, the motion for relief from the automatic stay is DENIED on the condition that the debtor becomes current by the end of February 2012 and remains current for

the next year. If the debtor misses a payment to the trustee by more than thirty days the stay will automatically lift without a hearing. The debtor also has to make payments directly to Woodchase and if the debtor misses a payment by more than 30 days the stay will lift without a hearing. In addition, based on the trustee's statements the pending motion to dismiss is also **DENIED**.

**END OF DOCUMENT**